IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND C. GALLOWAY, Successor Trustee of the JAMES D. GALLOWAY Revocable Living Trust, | : : : | Civil Action No. 05-0050 Erie |
| Plaintiff | : : : | Judge Sean J. McLaughlin |
| v. | : : | |
| THE UNITED STATES OF AMERICA, Defendant | : : | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Edmund C. Galloway as successor Trustee of the James D. Galloway Revocable Living Trust, by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., files the within Motion for Summary Judgment, of which the following is a statement:

1. This action was initiated on February 10, 2005 seeking recovery of taxes and interest erroneously and illegally assessed and collected against Plaintiff by the Commissioner of Internal Revenue, as the agent of the Defendant, the United States of America.

2. An Answer was filed on May 26, 2005, raising an issue of standing, which was addressed by the parties by way of various consent motions and stipulations; a First Amended Complaint substituting Edmund C. Galloway as successor Trustee of the James D. Galloway Revocable Living Trust was filed with the approval of the Court.

3. Plaintiff is Edmond C. Galloway, Successor Trustee.

4. James D. Galloway, during his lifetime and on or about March 5, 1991, made a Declaration of Trust and formed the James D. Galloway Revocable Living Trust (hereinafter "the Trust"). A copy of the Declaration of Trust is attached hereto as Exhibit A.

5. James D. Galloway served as trustee of the Trust during his lifetime.

6. During his lifetime, James D. Galloway amended the Trust three (3) times, as follows:

7. The first amendment was made on May 20, 1994 and recorded in Erie County Record Book 336 at Page 629. A copy of the first amendment is attached hereto as Exhibit B.

8. The second amendment was made July 3, 1995 and recorded in Erie County Record Book 392 at Page 596. A copy of the second amendment is attached hereto as Exhibit C.

9. The third amendment was made September 7, 1996. A copy of the third amendment is attached hereto as Exhibit D.

10. The residual beneficiaries of the Trust are two natural persons and two charitable entities. The two natural persons who are beneficiaries of the Trust are Edmond C. Galloway, the son of James D. Galloway, and Karen Minns, the granddaughter of James D. Galloway. The charitable entities which are beneficiaries under the Trust are the James D. Galloway Scholarship Fund of the Federated Church of East Springfield, Pennsylvania and the W.L.D. Ranch of the Federated Church of East Springfield, Pennsylvania.

11. In general terms, the Trust documents provide that the residue of the Trust is to be divided into four equal one-quarter shares. Each of the residual beneficiaries identified in the previous paragraph is to receive 50% of a one-quarter share on January 1, 2006. Then, on January 1, 2016 the residue of the Trust is to be paid in equal one-quarter shares to the beneficiaries. See Exhibit D.

12. The Trust documents contain the further condition with respect to the natural person beneficiaries that, if either of them is not living at the time of distribution, their share will be distributed to the remaining heirs of James D. Galloway in equal parts.

13. After the death of James D. Galloway, James R. Steadman, as the attorney for the Plaintiff, requested that the Commonwealth of Pennsylvania Department of Revenue calculate the value of the residuary interests under the Trust. The Department of Revenue did the calculation and determined that the entire valuation of the remainder interest under the Trust was $690,475.60, and of that amount $399,079.33 was the valuation of the interest of the two charitable beneficiaries.

14. Based on the Department of Revenue's calculation of the charitable interest, and other information, the Plaintiff filed a form 706 estate tax return on or about April 21, 1999 which showed a total gross estate of $1,490,633.40, total allowable deductions of $430,782.88 (which included a charitable deduction of $399,079.33 for the charitable interests in the Trust), a resulting taxable estate of $1,059,850.53, and a net federal estate tax due of $168,637.09.

15. The Plaintiff took a charitable deduction for the charitable interests under the Trust pursuant to 26 U.S.C. §2055(a).

16. The Plaintiff submitted a payment to the IRS for the estate tax on or about April 26, 1999 in the amount of $152,737.09 and an additional payment in the amount of $15,900 on or about July 9, 1999.  On or about September 27, 1999 an additional payment of $278.55 was made to the IRS representing interest and an additional payment of $1,963 was made on October 16, 2000.

17. On or about April 27, 2000 the Plaintiff received notice from the IRS that the estate tax return for the Plaintiff was being audited, and in or about October 2000 the Plaintiff was notified that the charitable deduction for the interest under the Trust was being disallowed.  Based on the charitable deduction disallowance, the IRS calculated that the total tax due for the Plaintiff was $306,604.57, rather than the $168,637.09 which the Plaintiff had calculated.

18. The Plaintiff challenged the IRS's disallowance of the charitable deduction, but in the meantime made additional payments to the IRS, representing the additional tax and interest claimed to be due, making a payment of $140,000 to the IRS on or about February 5, 2001 and a payment of $20,394.13 to the IRS on or about April 10, 2002.  Attached hereto as Exhibit E is a summary showing interest computations and payments made to the IRS by the Plaintiff.

19. On or about July 22, 2002 the Plaintiff filed an appeal with the IRS challenging the disallowance of the charitable deduction and seeking a refund of $160,394.13.

20. In a written decision dated February 5, 2003, the IRS disallowed the Plaintiff's claim for a refund. Attached hereto as Exhibit F is a true and correct copy of the IRS decision denying the Plaintiff's claim.

21. The IRS denied the Plaintiff's claim on the basis of 26 U.S.C. §2055(e) and Internal Revenue Code Regulation §20.2055-2(e)(2)(i) which provides, in relevant part, as follows:

> (e) Limitation applicable to decedents dying after December 31, 1969 - - (1) Disallowance of deduction – (i) In general. In the case of decedents dying after December 31, 1969, where an interest in property passes or has passed from the decedent for charitable purposes and an interest … in the same property or has passed from the decedent for private purposes … after October 9, 1969, no deduction is allowed under §2055 of the value of the interest which passes or has passed for charitable purposes unless the interest in property is a deductible interest described in subparagraph (2) of this paragraph
>
> …
>
> (2) Deductible Interests. A deductible interest for purposes of subparagraph (1) of this paragraph is a charitable interest is property where –
>
> (i) Undivided portion of decedent's entire interest. The charitable interest is an undivided portion <u>not in trust</u>, of the decedent's entire interest in property. An undivided portion of a decedent's entire interest in property must consist of a fraction or percentage of each and every substantial interest or right owned by the decedent in such property and must extend over the entire term of the decedent's interest in such property and in other property to which such property is converted …

26 C.F.R. §20.2055-2(e) (emphasis added).

22. The action of the IRS in denying the Plaintiff a charitable deduction for the interest under the Trust passing to the charitable beneficiaries identified in the Complaint was illegal, improper and erroneous for multiple reasons, including the following:

5

(a) The Trust was not "split" within the sense contemplated as being addressed by I.R.C. §2055(e) and by 26 C.F.R. §20.2055-2(e) because the charitable beneficiaries have an undivided one-half interest in the Trust and the non-charitable beneficiaries have an undivided one-half interest, so that the charitable and non-charitable interests are not competing in any way that could give rise to any abuse of the estate charitable tax deduction;

(b) The charitable portion of the trust was de facto separate from the non-charitable portion of the trust from the inception of the trust pursuant to 20 Pa. C.S.A. §7191; and

(c) The "not in trust" qualification to I.R.C. Regulation §20.2055-2(e), as quoted and emphasized above, is not supported by the Internal Revenue Code itself, such that the Regulation represents an arbitrary, capricious and unsupported action by the IRS which is incapable of denying the estate a charitable exemption.

23. There are no material facts in dispute.

WHEREFORE, the Plaintiff respectfully request that the court enter judgment in its favor and against the United States in the amount of $160,394.13, together with interest thereon as a refund of estate tax illegally and erroneously assessed and collected from the Plaintiff, and that the court provide such other and further relief as it deems proper and just.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By ___/s/Arthur D. Martinucci_____
I. John Dunn, Esq.
Pa. I.D. #10165
Arthur D. Martinucci, Esq.
Pa. I.D. #63699
2222 West Grandview Boulevard
Erie, Pennsylvania 16506-4509
(814) 833-2222
Attorneys for Plaintiff

Document #279634, v1