## DECLARATION OF TRUST

I, James D. Galloway, also known as J. D. Galloway, of the Township of Conneaut, Erie County, Pennsylvania, hereby transfer the property described in Schedule A attached hereto to James D. Galloway, also known as J. D. Galloway, as Trustee of the James D. Galloway Revocable Living Trust, of R. D. #2, Albion, Erie County, Pennsylvania, in trust to hold such property, real, personal, tangible and intangible, and all substitutions therefor and additions thereto for the following uses and purposes:

### ARTICLE 1. DISTRIBUTIONS OF INCOME AND PRINCIPAL

1.01.  Provisions During my Lifetime:

   a. During my lifetime my Trustee shall pay the net income to me, or as I may direct in writing, and from time to time shall pay to me, or as I may direct in writing, as much (even if all) of the principal as I may so direct. Upon my incapacity, my Trustee may apply the income and such portions of the principal as my Trustee deems advisable for my benefit during such incapacity.

1.02.  Distributions for the Benefit of Ruth Ebersole Galloway:

   a. I direct my successor Trustees to allow my wife, RUTH EBERSOLE GALLOWAY, to reside in my home at R. D. #2, Route 18, Albion, Pennsylvania, and to use the furnishings and appliances situate therein for the remainder of her natural life, subject to the following conditions and limitations:

   1. Said right to reside in my home shall terminate in the event my said wife shall re-marry or allow a man to reside in the house for a period in excess of one (1) week during any calendar year or in the event she shall remove herself from the house with the intent to permanently reside elsewhere.


EXHIBIT A

    2. My said wife shall see to all normal maintenance and repairs on the house to keep it in its present condition where the cost of said repairs would normally be less than One Hundred ($100.00) Dollars.

b. For and during the remainder of the natural life of my wife, RUTH EBERSOLE GALLOWAY, my said Trustee shall pay first from the income earned upon the trust assets and then from the principal thereof, if necessary, the following amounts:

    1. All real estate taxes and fire insurance premiums due upon my home at R. D. #2, Route 18, Albion, Pennsylvania, wherein I have given my said wife a life estate, together with the cost of all necessary repairs and maintenance incurred to keep the premises in its present condition where the cost of said repairs and/or maintenance equals or exeeeds One Hundred ($100.00).

    2. Such amounts as my Trustee shall deem necessary for the health, welfare and maintenance of my wife, RUTH EBERSOLE GALLOWAY, shall be paid to her or for her benefit, on a monthly basis, up to the sum of Two Thousand ($2,000.00) Dollars per month.

1.03 Distributions for other purposes:

a. I direct my trustee to pay from the income earned on trust assets, or if that be insufficient, from the principal of the trust, the reasonable and necessary costs of my funeral and burial, including the cost of setting and/or carving a suitable marker at my grave.

## ARTICLE II
## FINAL DISTRIBUTION

2.01 On March 1, 2006, I direct that one-half (1/2) the principal value and any earned but undistributed income in this trust shall be divided into as many equal shares as I have grandchildren and great-grandchildren living on that date and I direct that one of the said shares shall be paid over and

- 2 -

"EXHIBIT A"

distributed to each said grandchild or great-grandchild, absolutely and free from trust.

2.02  Upon the death of my wife, RUTH EBERSOLE GALLOWAY, or on March 1, 2016, whichever is later, I direct that the remaining principal and any earned but undistributed income shall be paid over and distributed to my then living grandchildren and great-grandchildren in equal shares, absolutely and free from trust.

## ARTICLE III
## POWERS AND DUTIES OF TRUSTEE

3.01  I direct that my Trustee shall be entitled to invest trust assets in such certificates of deposit and government bonds as my said Trustee shall, in his own discretion, deem appropriate. I specifically empower my Trustee to retain any stocks owned by me at the time of my death as stocks and empower him hereby to invest and reinvest the money received from any sale of said stocks in corporate stocks and bonds, so long as they have at least an "A" or "B" rating with Standard & Poors. I further direct my Trustee to establish the trust checking account at Community National Bank of Northwestern Pennsylvania.

3.02  I direct my Trustee to accumulate and add to the principal of the trust any net income of said trust not paid out in accordance with the provisions herein set forth.

3.03  I direct my Trustee to make a semi-annual report to all income recipients and potential beneficiaries showing the balance of assets in the trust, the income received and the amounts paid out.

3.04  I specifically empower my Trustee to pay out of income and, if necessary, out of principal, all taxes and miscellaneous expenses incurred by or in the operation of the trust.

3.05  Subject to the rights granted my wife, RUTH EBERSOLE GALLOWAY, I hereby specifically empower and authorize my successor trustees to sell any and all real estate, mixed or personal property included among the assets of this trust to such person or persons, for such price or prices, upon such terms and at such times as he or she deems advisable and to make, execute, acknowledge and deliver good and sufficient deeds and bills of sale thereto and, thereafter, to add the proceeds of any such sale to the principal of this trust.

3.06  My successor trustees, in addition to the powers specifically enumerated above, shall have the full authority to do any and every act necessary and proper to fulfill the purposes of this trust.

## ARTICLE IV
## SUCCESSOR TRUSTEES

4.01  In the event of my death or disability, I hereby appoint my son, EDMOND C. GALLOWAY, as my successor trustee under the terms and conditions herein set forth.

4.02  In the event my said son, EDMOND C. GALLOWAY, is or becomes at any time unable, for any reason, to carry out the terms and provisions of this trust, I nominate, constitute and appoint my granddaughter, KAREN GALLOWAY, to serve as Trustee under the terms and conditions herein set forth.

4.03  In the event my said granddaughter, KAREN GALLOWAY, is or becomes at any time unable, for any reason to carry out the terms and provisions of this trust, I nominate, constitute and appoint my grandson, WILLIAM P. GALLOWAY, to serve as Trustee under the terms and conditions herein set forth.

4.04  In the event my said grandson, WILLIAM P. GALLOWAY, is or becomes at any time unable, for any reason, to carry out the terms and provisions of this trust, I nominate, constitute and appoint my grandson, DAVID GALLOWAY, to serve as Trustee under the terms and conditions herein set forth.

## ARTICLE V
## COMPENSATION OF TRUSTEE

5.01  I hereby waive any fees which I could charge as trustee of this trust.

5.02  In the event my son, EDMOND C. GALLOWAY, shall become my successor trustee under this trust, I direct that he shall be compensated at the rate of Two Hundred ($200.00) Dollars per month. This sum shall be in lieu of any other compensation to which he may be entitled for serving as Trustee of this trust and he shall be entitled to no additional compensation for his duties as Trustee hereunder or as Executor of my Last Will and Testament.

5.03  In the event EDMOND C. GALLOWAY is at any time replaced by any of the successor trustees set forth herein, I direct that said successor trustees be compensated at the rate of One Hundred and no/100 ($100.00) Dollars per month for their duties hereunder.

- 4 -

"EXHIBIT A"

This sum shall be in lieu of any other compensation to which they may be entitled for serving as successor trustee of this trust and they shall be entitled to no additional compensation of their duties as successor trustee.

## ARTICLE VI
## MISCELLANEOUS

6.01  No beneficiary under the above trust shall have any power of anticipation, alienation, or assignment of any income and/or principal so to be paid to him or her and the same shall be paid to him or her personally, or to the Guardian of his or her person, free from the interference or control of the creditors of such beneficiary.

### Bond

6.02.  No bond shall be required of the original Trustee hereunder or of any successor Trustees; or if a bond is required by law, no surety shall be required on such bond.

### Governing Law

6.03.  This Declaration of Trust shall be governed by the laws of the Commonwealth of Pennsylvania.

6.04.  If any part, clause, provision, or condition of this Declaration of Trust is held to be void, invalid, or inoperative, such voidness, invalidity, or inoperativeness shall not affect any other clause, provision, or condition hereof; but the remainder of this Declaration of Trust shall be effective as though such clause, provision, or condition had not been contained herein.

"EXHIBIT A"

Executed on this 5th day of March, 1991.

_____
James D. Galloway, a/k/a

_____
J. D. Galloway

Trustee hereby accepts said trust.

_____
James D. Galloway, a/k/a

_____
J. D. Galloway

- 6 -

"EXHIBIT A"

COMMONWEALTH OF PENNSYLVANIA )
                             ) ss:
COUNTY OF ERIE               )

On this, the 5th day of March, 1991, before me, the undersigned, a Notary Public in and for said Commonwealth and County, personally appeared JAMES D. GALLOWAY, a/k/a J. D. GALLOWAY, and in due form of law acknowledged the foregoing Declaration of Trust to be his act and deed and desired the same to be recorded as such.

Witness my hand and notarial seal the day and year aforesaid.

                                                _____
                                                Notary Public

"EXHIBIT A"