IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND C. GALLOWAY, Successor | : | Civil Action No. 05-0050 Erie |
| Trustee of the JAMES D. GALLOWAY | : | |
| Revocable Living Trust, | : | Judge Sean J. McLaughlin |
|     Plaintiff | : | |
| | : | |
|         v. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
|     Defendant | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Edmund C. Galloway as successor Trustee of the James D. Galloway Revocable Living Trust, by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., files the within Brief in Support of his Motion for Summary Judgment, of which the following is a statement:

**I.**     **FACTS**

On or about March 5, 1991, James D. Galloway ("Galloway") made a Declaration of Trust and formed the James D. Galloway Revocable Living Trust (hereinafter "the Trust"). Exhibit A. During his lifetime, Galloway served as trustee of the Trust.

He also amended the Trust three (3) times: first, on May 20, 1994, as recorded in Erie County Record Book 336 at Page 629 (Exhibit B); then on July 3, 1995, as recorded in Erie County Record Book 392 at Page 596 (Exhibit C); and then on September 7, 1996. Exhibit D.

The residual beneficiaries of the Trust are two natural persons and two charitable entities. The two natural persons who are beneficiaries of the Trust are Edmond C. Galloway, the son of James D. Galloway and successor Trustee/Plaintiff in this matter,

and Karen Minns, the granddaughter of James D. Galloway.  The charitable entities which are beneficiaries under the Trust are the James D. Galloway Scholarship Fund of the Federated Church of East Springfield, Pennsylvania and the W.L.D. Ranch of the Federated Church of East Springfield, Pennsylvania.

The Trust documents provide that the residue of the Trust is to be divided into four equal one-quarter shares.  Each of the residual beneficiaries identified in the previous paragraph is to receive 50% of a one-quarter share after January 1, 2006.  Then, after January 1, 2016 the residue of the Trust is to be paid in equal one-quarter shares to the beneficiaries.  See Exhibit D.

The Trust documents contain the further condition with respect to the natural person beneficiaries that, if either of them is not living at the time of distribution, their share will be distributed to the remaining heirs of James D. Galloway in equal parts.

After the death of James D. Galloway, James R. Steadman, as the attorney for the Plaintiff, requested that the Commonwealth of Pennsylvania Department of Revenue calculate the value of the residuary interests under the Trust.  The Department of Revenue did the calculation and determined that the entire valuation of the remainder interest under the Trust was $690,475.60, and of that amount $399,079.33 was the valuation of the interest of the two charitable beneficiaries.

Based on the Department of Revenue's calculation of the charitable interest, and other information, the Plaintiff filed a form 706 estate tax return on or about April 21, 1999 which showed a total gross estate of $1,490,633.40, total allowable deductions of $430,782.88 (which included a charitable deduction of $399,079.33 for the charitable

2

interests in the Trust), a resulting taxable estate of $1,059,850.53, and a net federal estate tax due of $168,637.09.

The Plaintiff took a charitable deduction for the charitable interests under the Trust pursuant to 26 U.S.C. §2055(a). He then submitted a payment to the IRS for the estate tax on or about April 26, 1999 in the amount of $152,737.09 and an additional payment in the amount of $15,900 on or about July 9, 1999. On or about September 27, 1999 an additional payment of $278.55 was made to the IRS representing interest and an additional payment of $1,963 was made on October 16, 2000.

On or about April 27, 2000 the Plaintiff received notice from the IRS that the estate tax return for the Plaintiff was being audited, and in or about October 2000 the Plaintiff was notified that the charitable deduction for the interest under the Trust was being disallowed. Based on the charitable deduction disallowance, the IRS calculated that the total tax due for the Plaintiff was $306,604.57, rather than the $168,637.09 which the Plaintiff had calculated.

The Plaintiff challenged the IRS's disallowance of the charitable deduction, but in the meantime made additional payments to the IRS, representing the additional tax and interest claimed to be due, making a payment of $140,000 to the IRS on or about February 5, 2001 and a payment of $20,394.13 to the IRS on or about April 10, 2002. Exhibit E.

On or about July 22, 2002 the Plaintiff filed a request for refund with the IRS challenging the disallowance of the charitable deduction and seeking a refund of $160,394.13. In a written decision dated February 5, 2003, the IRS disallowed the Plaintiff's claim for a refund. Exhibit F.

Contrary to the IRS's determination, though, the Trust is not "split." Instead, the charitable beneficiaries have an undivided one-half interest in the Trust and the non-charitable beneficiaries have an undivided one-half interest, so that the charitable and non-charitable interests are not competing.

The charitable portion of the trust was de facto separate from the non-charitable portion of the trust from the inception of the trust.

## II.   ISSUE

**DID THE INTERNAL REVENUE SERVICE PROPERLY DENY THE CLAIMED CHARITABLE DEDUCTION AND REQUEST FOR REFUND OF THE JAMES D. GALLOWAY REVOCABLE LIVING TRUST?**

Suggested answer in the negative.

## III.   DISCUSSION

### A.   Standard of Review

Federal Rule of Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law."  The moving party has the initial burden of proving to the District Court the absent of evidence supporting the non-moving party's claims.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Country Floors, Inc. v. Partnership Composed of Gepner and Ford</u>, 930 F.2nd 1056, 1061 (3rd Cir. 1990).  Assuming that the moving party has satisfied its obligations, the burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).

### B. The James D. Galloway Revocable Living Trust is entitled to a charitable deduction in this matter.

It is respectfully submitted that there are no disputed material facts at issue in this matter. All that remains is an application of law to the facts now before the Court.

The Trust in question is for all intents and purposes, and in practical effect, two separate Trusts. The third amendment to the Trust – Exhibit D – spells this out very clearly. In 2006, one half of the Trust is to be distributed to four (4) beneficiaries – a scholarship fund, a church, Edmond Galloway and Karen Galloway – two (2) of whom are private individuals, and two (2) of whom are charitable organizations. In 2016, the remainder of the Trust is to then be distributed to those same four (4) beneficiaries.

Essentially, then, the charitable beneficiaries have an undivided 50% interest in the trust, as do the individual beneficiaries. Had Galloway initially split his assets down the middle and established two (2) separate but identical trusts, in two (2) separate but identical (except for the beneficiaries) documents, this matter would not be before the Court today. Nevertheless, the IRS has characterized the Trust as a "split interest" trust and disallowed the deduction calculated by the Pennsylvania Department of Revenue. The question presented, then, is should the IRS be permitted to elevate form so far over substance that the charitable intent and effect of the Trust are ignored, to the detriment of both the individual beneficiaries <u>and</u> the charitable organizations designated by the Trust.

The statute relied upon by the IRS in its determination is 26 U.S.C. §2055(e), which provides:

> **(e) Disallowance of deductions in certain cases.--**
>
> (1) No deduction shall be allowed under this section for a transfer to or for the use of an organization or trust described

5

> in section 508(d) or 4948(c)(4) subject to the conditions specified in such sections.
> (2) Where an interest in property (other than an interest described in section 170(f)(3)(B)) passes or has passed from the decedent to a person, or for a use, described in subsection (a), and an interest (other than an interest which is extinguished upon the decedent's death) <u>in the same property</u> passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a), no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) unless--
> (A) in the case of a remainder interest, such interest is in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)), or
> (B) in the case of any other interest, such interest is in the form of a guaranteed annuity or is a fixed percentage distributed yearly of the fair market value of the property (to be determined yearly).

26 U.S.C. §2055(e). (Emphasis added). As with other portions of the Internal Revenue Code, of course, the statute itself is not a model of clarity, nor is the interpretive regulation, 26 C.F.R. §20.2055-2(e), which provides:

> (e) Limitation applicable to decedents dying after December 31, 1969—
>
> (1) Disallowance of deduction--(i) In general. In the case of decedents dying after December 31, 1969, where an interest in property passes or has passed from the decedent for charitable purposes and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed from the decedent for private purposes (for less than an adequate and full consideration in money or money's worth) after October 9, 1969, no deduction is allowed under section 2055 for the value of the interest which passes or has passed for charitable purposes unless the interest in property is a deductible interest described in subparagraph (2) of this paragraph. The principles of section 2056 and the regulations thereunder shall apply for purposes of determining under this paragraph (e)(1)(i) whether an

6

> interest in property passes or has passed from the decedent. If however, as of the date of a decedent's death, a transfer for a private purpose is dependent upon the performance of some act on the happening of a precedent event in order that it might become effective, an interest in property will be considered to pass for a private purpose unless the possibility of occurrence of such act or event is so remote as to be negligible. The application of this paragraph (e)(1)(i) may be illustrated by the following examples, in each of which it is assumed that the interest in property which passes for private purposes does not pass for an adequate and full consideration in money or money's worth.
>
> …
>
> (2) Deductible interests. A deductible interest for purposes of subparagraph (1) of this paragraph is a charitable interest in property where--
> (i) Undivided portion of decedent's entire interest. The charitable interest is an undivided portion, <u>not in trust</u>, of the decedent's entire interest in property. An undivided portion of a decedent's entire interest in property must consist of a fraction or percentage of each and every substantial interest or right owned by the decedent in such property and must extend over the entire term of the decedent's interest in such property and in other property into which such property is converted.

26 C.F.R. §20.2055-2(e). (Emphasis added). There are numerous hypothetical examples in the regulation, supposedly demonstrating how and why the various scenarios used constitute a distribution for "charitable purposes and for private purposes" and are therefore ineligible for any charitable deduction. None of these examples matches the fact pattern here, at the very least suggesting that the regulation did not contemplate a situation like that now before the Court. The IRS, however, insists on trying to fit a clearly square peg into a round hole, with the result being the levying of a substantial and improper tax on the Trust in this matter.

Because the statute itself is unclear, it is respectfully submitted that the Court should consider the statute's intent, as expressed in the legislative history. Although

7

voluminous, the record of the United States Senate makes it clear that the intent behind 26 U.S.C. §2055(e) was to prevent abuse in "split interest" or "remainder" trusts, where the *corpus* was comprised of a single, undivided, interest in which an individual beneficiary had, for instance, a life-estate interest, with the remainder of the *corpus* conveyed to the charitable beneficiary upon his or her death, the fear being that the private beneficiary, especially if also Trustee, might choose investments designed to maximize income by pursuing riskier investments, decreasing the amount ultimately realized by the charitable beneficiary:

> General Reasons for Change.—The rules of present law [the pre-1969 Internal Revenue Code] for determining the amount of a charitable contribution deduction…do not necessarily have any relation to the value of the benefit the charity receives. This is because the trust assets may be invested in a manner so as to maximize the income interest… [F]or example, the trust *corpus* can be invested in high-income, high-risk, assets. This enhances the value of the income [but] decreases the value of the charity's remainder interest.

1969 U.S.C.C.A.N. 2027, 2116. This risk, however, is not present in the instant matter, because this is not a true "split interest"[1] or "remainder" Trust. To the contrary, the division of assets was determined *prior* to Galloway's death, and there is not, at this time (or at *any* time since Galloway's death) any reason for his successor Trustee to pursue the course proscribed in the Senate Report.

To the contrary, the Trust in the matter now at bar is actually more in keeping with a model cited favorably by the Senate:

> The committee agrees with the House that a taxpayer should not be allowed to obtain a charitable contribution deduction

---

[1] A "split interest" trust, according to the Senate Report, is a trust "which [has] a noncharitable income beneficiary and a charitable remainder beneficiary or vice versa." 1969 U.S.C.C.A.N. 2027, 2124.

8

>for a gift of a remainder interest in trust to a charity which is substantially in excess of the amount the charity may ultimately receive. To provide a closer correlation between the charitable contributions deduction and the ultimate benefit to charity, <u>the House bill generally provided that a deduction would not be allowed for a gift of a remainder interest in trust to charity unless the gift took a specified form: namely, an annuity trust (under which the income beneficiary is to receive a stated dollar amount annually) or a unitrust (under which the income beneficiary is to receive an annual payment based on a fixed percentage of the trust's assets).</u>

<u>Id</u>.  (Emphasis added).  Although the Trust in the instant matter is neither an annuity trust nor a unitrust, its operational scheme is equivalent in effect.  The *corpus* of the Trust is to be distributed in two (2) installments (2006 and 2016), in equal, undivided, shares to four (4) beneficiaries.  The percentage interest in the *corpus* was established before Galloway died, and there is no competing interest as between the charitable and individual beneficiaries.  Unlike other trusts, the charitable beneficiaries here take both the principal <u>and</u> income interests in their undivided share.  There are no income beneficiaries, no life estates or reversionary interests and, truly, no remainder interests to be considered.  The Charitable beneficiaries take their interest at the same moment as the individual ones. It is clearly <u>not</u> a "remainder" trust, nor is it "split interest" trust, and there is "no incentive to favor the income beneficiary over the remainder beneficiary by means of manipulating the trust's investments."  <u>Id</u>. at 2118.  Although the word "remainder" might appear in the Trust documents, the actual effect of the initial distribution would be to create a residue, not a remainder, and the mere use of the word does not change the basic nature of the Trust itself if the operation of the instrument indicates otherwise.

9

In keeping with the legislative intent of Congress and any reasonable construction of the language of the statute itself, it cannot, in fact, be properly said that neither 26 U.S.C. 2055(e) nor 26 C.F.R. §20.2055-2(e) applies to the Trust at all. The key to this position is the phrase in §2055(e)(2), "in the same property," because, as outlined above, the Trust conveys an entirely undivided interest in the property, not a partial one. Accordingly, a charitable deduction should be allowed based on the undivided nature of the charitable interests created by the Trust in keeping with the intent of congress and the provisions of 26 U.S.C. §2055(a).

      **C.    The Regulation Relied upon by the IRS Exceeds the Scope of 26 U.S.C. §2055(e) and Is Contrary to Legislative Intent.**

As noted above, had the Trust's provisions appeared on separate pieces of paper, subject to identical terms (aside from one addressing individual beneficiaries and the other, charitable), the deduction would have been allowed and the parties would not be before the Court. Indeed, if the *corpus* in question was comprised of real property and the deed included a distribution scheme similar to that set forth in the Trust, Galloway's Estate would have received a charitable contribution deduction. That would also be true if Galloway had implemented this distribution scheme in a will. Given the fact that a living trust is nothing more than a will substitute, it seems ludicrous that the IRS would take the position here that the undivided charitable portion of the Trust should not be entitled to a charitable deduction. Indeed, it appears that if the Trust had been structured to provide for an *annual* distribution to both charitable and individual beneficiaries – as opposed to two (2) distributions over a period of 10 years – the deduction would have been allowed. 26 U.S.C. 2055(e)(2)(B). It is, again, a

tremendous elevation of form over substance, in addition to a gross misreading and misapplication of 26 U.S.C. 2055(e), when the Trust should be permitted a deduction under 26 U.S.C. 2055(a).

The IRS's position relies heavily on 26 C.F.R. §20.2055-2(e)(2)(i), and in particular on the phrase "not in trust." This phrase – which is the only language that could possibly preclude the Trust was qualifying for a deduction under 26 U.S.C. 2055(a) – is a creation of the regulatory body itself. It is not found in 26 U.S.C. 2055, nor is it reflective of the intent of the legislature. It imposes requirements not found in the Internal Revenue Code, itself and it fails to harmonize with both the statutory language with the statute's original intent and purpose. Its application in the instant matter would lead to an unreasonable result.

The regulation in question is interpretive, not legislative, and accordingly is entitled to significantly less deference than it otherwise might be afforded. Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-844 (1984); United States v. Vogel Fertilizer Co., 455 U.S. 16, 24 (1982). The Court should review this regulation by considering whether its provisions "implement the congressional mandate in some reasonable manner." Id. at 24 (quoting United States v. Correll, 389 U.S. 299, 307 (1967)) and at 25-26. *See also* National Muffler Dealers Ass'n v. United States, 440 U.S. 472, 477 (1979). Based upon the legislative record cited and discussed above, it is clear that 26 C.F.R. §20.2055-2(e) does not harmonize with the intent of congress or with the plain language of 26 U.S.C. 2055. The Court, therefore, should give it no deference, and should not rely upon the regulation in its determination of this matter.

## IV. CONCLUSION

WHEREFORE, the Plaintiff respectfully request that the court enter judgment in its favor and against the United States in the amount of $160,394.13, together with interest thereon as a refund of estate tax illegally and erroneously assessed and collected from the Plaintiff, and that the court provide such other and further relief as it deems proper and just.

        Respectfully submitted,

        QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

        By    /s/Arthur D. Martinucci
            I. John Dunn, Esq.
            Pa. I.D. #10165
            Arthur D. Martinucci, Esq.
            Pa. I.D. #63699
            2222 West Grandview Boulevard
            Erie, Pennsylvania  16506-4509
            (814) 833-2222
            Attorneys for Plaintiff

Document #279656, v1