IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND C. GALLOWAY, Successor Trustee of the JAMES D. GALLOWAY Revocable Living Trust,<br>　　Plaintiff | : : : : : | Civil Action No. 05-0050 Erie<br><br>Judge Sean J. McLaughlin |
| 　　　　　　v. | : : | |
| THE UNITED STATES OF AMERICA,<br>　　Defendant | : : | |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff, Edmund C. Galloway as successor Trustee of the James D. Galloway Revocable Living Trust, by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., files the within Statement of Material Facts Not in Dispute, of which the following is a statement:

1. Plaintiff is Edmond C. Galloway, Successor Trustee.

2. James D. Galloway, during his lifetime and on or about March 5, 1991, made a Declaration of Trust and formed the James D. Galloway Revocable Living Trust (hereinafter "the Trust"). A copy of the Declaration of Trust is attached hereto as Exhibit A.

3. James D. Galloway served as trustee of the Trust during his lifetime.

4. During his lifetime, James D. Galloway amended the Trust three (3) times, as follows:

5. The first amendment was made on May 20, 1994 and recorded in Erie County Record Book 336 at Page 629. A copy of the firstamendment is attached hereto as Exhibit B.

1

6. The second amendment was made July 3, 1995 and recorded in Erie County Record Book 392 at Page 596. A copy of the second amendment is attached hereto as Exhibit C.

7. The third amendment was made September 7, 1996. A copy of the third amendment is attached hereto as Exhibit D.

8. The residual beneficiaries of the Trust are two natural persons and two charitable entities. The two natural persons who are beneficiaries of the Trust are Edmond C. Galloway, the son of James D. Galloway, and Karen Minns, the granddaughter of James D. Galloway. The charitable entities which are beneficiaries under the Trust are the James D. Galloway Scholarship Fund of the Federated Church of East Springfield, Pennsylvania and the W.L.D. Ranch of the Federated Church of East Springfield, Pennsylvania.

9. In general terms, the Trust documents provide that the residue of the Trust is to be divided into four equal one-quarter shares. Each of the residual beneficiaries identified in the previous paragraph is to receive 50% of a one-quarter share on January 1, 2006. Then, on January 1, 2016 the residue of the Trust is to be paid in equal one-quarter shares to the beneficiaries. See Exhibit D.

10. The Trust documents contain the further condition with respect to the natural person beneficiaries that, if either of them is not living at the time of distribution, their share will be distributed to the remaining heirs of James D. Galloway in equal parts.

11. After the death of James D. Galloway, James R. Steadman, as the attorney for the Plaintiff, requested that the Commonwealth of Pennsylvania Department of

       Revenue calculate the value of the residuary interests under the Trust. The Department of Revenue did the calculation and determined that the entire valuation of the remainder interest under the Trust was $690,475.60, and of that amount $399,079.33 was the valuation of the interest of the two charitable beneficiaries.

12. Based on the Department of Revenue's calculation of the charitable interest, and other information, the Plaintiff filed a form 706 estate tax return on or about April 21, 1999 which showed a total gross estate of $1,490,633.40, total allowable deductions of $430,782.88 (which included a charitable deduction of $399,079.33 for the charitable interests in the Trust), a resulting taxable estate of $1,059,850.53, and a net federal estate tax due of $168,637.09.

13. The Plaintiff took a charitable deduction for the charitable interests under the Trust pursuant to 26 U.S.C. §2055(a).

14. The Plaintiff submitted a payment to the IRS for the estate tax on or about April 26, 1999 in the amount of $152,737.09 and an additional payment in the amount of $15,900 on or about July 9, 1999. On or about September 27, 1999 an additional payment of $278.55 was made to the IRS representing interest and an additional payment of $1,963 was made on October 16, 2000.

15. On or about April 27, 2000 the Plaintiff received notice from the IRS that the estate tax return for the Plaintiff was being audited, and in or about October 2000 the Plaintiff was notified that the charitable deduction for the interest under the Trust was being disallowed. Based on the charitable deduction disallowance, the

       IRS calculated that the total tax due for the Plaintiff was $306,604.57, rather than the $168,637.09 which the Plaintiff had calculated.

16. The Plaintiff challenged the IRS's disallowance of the charitable deduction, but in the meantime made additional payments to the IRS, representing the additional tax and interest claimed to be due, making a payment of $140,000 to the IRS on or about February 5, 2001 and a payment of $20,394.13 to the IRS on or about April 10, 2002.  Attached hereto as Exhibit E is a summary showing interest computations and payments made to the IRS by the Plaintiff.

17. On or about July 22, 2002 the Plaintiff filed an appeal with the IRS challenging the disallowance of the charitable deduction and seeking a refund of $160,394.13.

18. In a written decision dated February 5, 2003, the IRS disallowed the Plaintiff's claim for a refund.  Exhibit F.

22. The Trust was not "split," in that the charitable beneficiaries have an undivided one-half interest in the Trust and the non-charitable beneficiaries have an undivided one-half interest, so that the charitable and non-charitable interests are not competing.

23. The charitable portion of the trust was de facto separate from the non-charitable portion of the trust from the inception of the trust.

    WHEREFORE, the Plaintiff respectfully request that the court enter judgment in its favor and against the United States in the amount of $160,394.13, together with interest thereon as a refund of estate tax illegally and erroneously assessed and

collected from the Plaintiff, and that the court provide such other and further relief as it deems proper and just.

        Respectfully submitted,

        QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

        By    /s/Arthur D. Martinucci
            I. John Dunn, Esq.
            Pa. I.D. #10165
            Arthur D. Martinucci, Esq.
            Pa. I.D. #63699
            2222 West Grandview Boulevard
            Erie, Pennsylvania 16506-4509
            (814) 833-2222
            Attorneys for Plaintiff

Document #279644, v1