IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND C. GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-50 Erie |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Introduction

This is a tax refund suit in which plaintiff, trustee of the James D. Galloway Revocable Living Trust (the "Trust"), seeks a refund of estate taxes paid.

Facts

1. James Galloway died on July 22, 1998. His will left the residue of his estate to his Trust dated March 1, 1991. (Pltf's. Facts p. 1.)

2. Galloway amended the trust three times. The final amendment on September 7, 1996, provides for the residue of the trust to pass in four equal shares. One equal share was to go to two charities (the Charitable Beneficiaries) and one share was to go to two individuals (the Individual Beneficiaries). (Id.)

3. Payment was to be made of one half the residue in 2006 and the remaining half in 2016. If any of the Individual Beneficiaries dies before distribution, their interest reverts to the remaining beneficiaries, i.e. the other Individual Beneficiary and the

Charitable Beneficiaries.

4.  There is a possibility of the death of either or both of the Individual Beneficiaries before final distribution.  (Govt. Ex. 1, 10/6/2000 formal protest ¶ 6.)

5.  The Trust is required to maintain the same investments for the Individual Beneficiaries and the Charitable Beneficiaries.  (Id.)

6.  Income is to be distributed between the Individual and Charitable Beneficiaries annually.  (Id.)

7.  On its Federal estate tax return the Trust claimed a deduction under 26 U.S.C. § 2055(a) in the amount of $399,079.33 for the amount of the corpus predicted to go to the Charitable Beneficiaries.

8.  The Internal Revenue Service denied the deduction because the Trust is a split interest trust and not entitled to a charitable deduction under 26 U.S.C. § 2055(e).

## STATUTE AT ISSUE

26 U.S.C. § 2055(a) allows a deduction from a decedent's gross estate for the amount of "all bequests, legacies, devises, or transfers" to or for the use of a qualifying charitable entity.  Section 2055(e)(2) disallows a deduction where a trust creates a "split interest" by bequeathing interests in the same property to both charitable and noncharitable beneficiaries.  A split interest trust is one in which interests in the same property are bequeathed to both charitable and noncharitable beneficiaries.  Estate of Johnson v. United States, 941 F.2d 1318, 1321 (5th Cir. 1991.)

Section 2055(e)(2) creates a limited exception where the trust is a split interest trust.

The exception provides that the value of the interest passing to the charitable organization qualifies for an estate tax charitable deduction only if it is made in one of three specified forms: an annuity trust, a unitrust, or a pooled income fund.  Estate of Edgar v. Commissioner, 74 T.C. 983, 987-988 (1980), aff'd. without published opinion 676 F.2d 685 (3d Cir. 1982); Estate of Strock v. United States, 655 F. Supp. 1334, 1336 (W.D. Pa. 1987)(for discussion of Section 2055).

## ARGUMENT

I.  Because the Trust Is a "Split Interest" Trust and Not an Annuity Trust, a Unitrust, or a Pooled Income Fund It Is Not Entitled to the Charitable Deduction.

"This case involves a classic split interest [trust], where interest 'in the same property' passes to both charitable and noncharitable beneficiaries." Estate of Johnson v. United States, 941 F.2d 1318, 1321 (5th Cir. 1991.)  The Trust document creates one Trust from one set of property; the Trust holds the same property for both the Charitable and Individual Beneficiaries.  The Trust is not a charitable remainder interest, charitable annuity trust, or charitable remainder unitrust or a pooled income trust.  (Plaintiff's Brief in Support of Summary Judgment p. 9.)  Therefore, the Trust in not able to deduct a charitable contribution under 26 U.S.C. § 2055.

In a case very similar to this one, Zabel v. United States, 995 F. Supp. 1036 (D. Neb. 1998), the court dealt with a trust where fifty percent of the income was to be split between charitable beneficiaries and individual beneficiaries for 21 years with the remaining corpus going to the charitable beneficiaries.  In Zabel, the trust argued that the charitable

beneficiaries had "practically" received half of the trust because they had an immediate right to half of the income and a remainder interest in all of the principal. Id. The Court determined that, even though separate investment accounts were maintained for the charitable and individual beneficiaries, the trust was a split interest trust and therefore not entitled to a charitable deduction. See, Estate of Johnson, 941 F.2d 1318, 1320 ("The estate's claim for a refund fails because it does not satisfy any of the specifically prescribed methods of reforming a split interest trust.")

  II. Plaintiff's Arguments

  Plaintiff argues that even though the Trust does not meet the requirements of section 2055(e) it should still be entitled to the deduction. Plaintiff argues that section 2055 is unclear and that the Court should consider the statute's intent and legislative history. As described above, the statute is clear. A split interest trust is not entitled to a charitable deduction unless it is a charitable remainder interest, charitable annuity trust, or charitable remainder unitrust or a pooled income trust. There is no ambiguity or lack of clarity in the statutory language. Therefore, it is the Court's duty to interpret the statute as is stands; no resort to legislative history or intent is necessary or even permitted. The "strong presumption" that the plain language of the statute expresses congressional intent is rebutted only in "rare and exceptional circumstances," Ardestani v. INS, 502 U.S. 129, 136 (1991); Estate of Johnson, 941 F.2d 1318, 1321 ("We consider [Section 2055(e)(2)] unambiguous. There is no justification for a judicial divination of an unstated congressional intent to make an exception for the bequest in this case.")

The purpose and history of Section 2055(e) is also clear that the Trust is not entitled to the deduction it seeks.  Section 2055(e) was enacted to curb the abuse where an estate claimed a charitable deduction, but the charity ultimately received a sum less than the deduction.  Congress was concerned that the corpus of a split interest trust could be manipulated in favor of non-charitable beneficiaries to the detriment of charitable beneficiaries.  Zabel, 995 F. Supp. 1036.  Congress expresses a concern that "...the trust corpus could be invested in high-risk assets so as to increase the value of the income interest but decrease the value of the charity's remainder interest." Id. at 1052 (quoting Oetting v. United States, 712 F.2d 358, 360-61 (8th Cir. 1983.); see also, Strock, 655 F. Supp. 1334, 1336 (W.D.Pa. 1987) (concern was "...trust assets may be invested in a manner so as to maximize the income interest [of non charitable beneficiaries].")

This concern that the corpus could be invested in high income, high-risk assets is present in this case.  Under the terms of the Trust the Individual Beneficiaries and the Charitable Beneficiaries receive annual distributions of income generated.  In addition, one of the Individual Beneficiaries, plaintiff, is also the trustee.  One half of the corpus of the Trust is to be distributed in 2006 and the remaining half in 2016.  If the Individual Beneficiaries are not living at the time of the distribution, their interests revert to the remaining beneficiaries.  Therefore, it is entirely possible that the Individual Beneficiaries would desire current income, and thus investments in high risk income producing assets, rather than wait until 2016 for their final distribution.  This is not mere speculation.  If any of the Individual Beneficiaries dies before 2016, their heirs lose any claim to the corpus.

However, if the Individual Beneficiary receives distributions, those distributions would pass to the individual's estate, and be available for use while the Individual Beneficiary is alive.

## **CONCLUSION**

Congress provided statutory direction on how to divide a trust between charitable and non-charitable beneficiaries in order for a trust to claim a charitable deduction. The Trust did not follow these instructions and therefore is not able to claim a charitable contribution. As a result, plaintiff's motion for summary judgment should be denied and judgment should be granted in the United States' favor.

Date: February 13, 2006.

                                      Respectfully submitted,

                                      MARY BETH BUCHANNAN
                                      United States Attorney

                                        /s/ Jonathan D. Carroll
                                        JONATHAN D. CARROLL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-6669