IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND C. GALLOWAY, Successor Trustee of the JAMES D. GALLOWAY Revocable Living Trust,<br>　　Plaintiff | : : : : : | Civil Action No. 05-0050 Erie<br><br>Judge Sean J. McLaughlin |
| v. | : : | |
| THE UNITED STATES OF AMERICA,<br>　　Defendant | : : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
THE MOTION FOR SUMMARY JUDGMENT
OF THE INTERNAL REVENUE SERVICE**

Plaintiff, Edmund C. Galloway as successor Trustee of the James D. Galloway Revocable Living Trust ("Galloway"), by and through his attorneys, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., files the within Brief in Opposition to the Motion for Summary Judgment of the Internal Revenue Service (the "IRS"), of which the following is a statement:

**I.　FACTS**

Galloway hereby incorporates the statement of Facts set forth in his Brief In Support of Motion for Summary Judgment, as if more fully set forth below.

Galloway also objects to ¶¶5 and 8 of the IRS's statement of Facts, as set forth in its brief. Paragraph 5 is a misstatement on the Powers of the Trustee and, as characterized by the IRS, appears nowhere in ¶5 of its Exhibit 1. To the contrary, that paragraph says only "Indeed, there is very little discretion on the part of the Trustee as to the nature of the investments." The Powers of the Trustee were never amended, and

1

remain as stated in the Declaration of Trust, itself (Exhibit A, ¶3.01), which states only that:

> I specifically empower my Trustee to retain any stocks owned by me at the time of my death as stocks and empower him hereby to invest and reinvest the money received from any sale of said stocks in corporate stocks and bonds, so long as they have an "A" or "B" rating with Standard & Poors.

Exhibit A, ¶3.01.  Any other characterization of this language should be rejected.

Paragraph 8 of the IRS's statement of facts must also be rejected, because it is nothing more than a legal conclusion that attempts to state the ultimate question at issue in this matter as an undisputed fact.  Obviously, this is not proper.  The fact that Galloway disagrees with the IRS's characterization of this Trust is the very basis of the instant litigation, and the IRS cannot simply wish the dispute away.

The IRS has not disputed the facts proffered by Galloway in support of his Motion for Summary Judgment, and all of them should therefore be deemed admitted.

II.  **ISSUE**

**DID THE INTERNAL REVENUE SERVICE PROPERLY DENY THE CLAIMED CHARITABLE DEDUCTION AND REQUEST FOR REFUND OF THE JAMES D. GALLOWAY REVOCABLE LIVING TRUST?**

Suggested answer in the negative.

### III. DISCUSSION

#### A. Standard of Review

Galloway hereby incorporates the discussion of the Standard of Review set forth in his Brief in Support of Motion for Summary Judgment, as if more fully set forth below.

#### B. The IRS has failed to demonstrate that the Galloway Trust is a split-interest trust such that it would be subject to 26 U.S.C.A. §2055(e).

In its Motion and Brief, the IRS, instead of engaging in any real analysis, takes the position that the Trust in this matter is a "split-interest trust" basically because it (the IRS) says so. IRS Cross-Motion for Summary Judgment; IRS Brief at ¶8. It then proceeds to misstate the law concerning what is or is not a "split interest trust."

Specifically, the IRS takes the position that a "split-interest trust" is any trust "in which interests in the same property are bequeathed to both charitable and non-charitable beneficiaries. Estate of Johnson v. U.S., 941 F.2d 1318 (5th Cir. 1991). It also cites to Estate of Edgar v. U.S., 74 T.C. 983 (1980), *aff'd without published opinion* 676 F.2d 685 (3rd Cir. 1982), Estate on Strock v. U.S., 655 F.Supp. 1334 (W.D.Pa. 1987), and Zabel v. U.S., 995 F.Supp. 1036 (D.Neb. 1998). Unlike the Trust now before this Court, however, each of these was a true "remainder trust," in which the non-charitable beneficiaries enjoyed the benefit of all or a portion of the income from the trust in some form of life estate, and the remainder of the trust was to pass on to charitable beneficiaries only when such non-charitable life estates had terminated.

Not a single one of the cases cited by the IRS comes close to matching the fact-pattern presented here. In Zabel, the nearest of the lot, the trust at issue provided for

3

the charitable and non-charitable beneficiaries to equally split the income of the trust for a period of 21 years, with the <u>remainder</u> subsequently going to the charitable beneficiaries.  Under that construction, the trustee argued that the charities should immediately be credited with 50% of the trust.  That is not the case here.  In the instant matter, the Trust was split, 50-50, upon James Galloway's death, between charitable and non-charitable entities.  The only contingency is that is that the charitable beneficiaries would receive an added benefit if one of the non-charitable beneficiaries died prior to final distribution.  No deduction, however, was ever sought on that basis.  To the contrary, the only deduction sought was for the value of the principal "assigned" to the charitable beneficiaries upon James Galloway's death.

     As discussed – at length – in Galloway's Brief in Support of his Motion for Summary judgment, this is emphatically <u>not</u> a remainder trust.  Both "classes" of beneficiaries receive their interests up front, even though the ultimate transfer of these interests to the beneficiaries takes place by way of two separate distributions.  In between distributions, the Trustee is limited in the quality of investments he may select ("…to invest and reinvest the money received from any sale of said stocks in corporate stocks and bonds, so long as they have an 'A' or 'B' rating with Standard & Poors"), but there is nothing in the Trust itself that would prevent segregated investments.  Inasmuch as the *corpus* of the Trust – and the interests of the parties therein – was set at the moment of James Galloway's death, there is nothing to prevent such an investment scheme, so long as it fell within the general investment parameters established by the Trust, itself.

4

Yes, it is true that the non-charitable beneficiaries *might* die before a complete distribution of the non-charitable interests is made. And it is true that *if* that occurs, the portion on the Trust distributable to such decedent would pass, *pro rata*, to the remaining beneficiaries, including the charitable ones. That fact, however, does not make this a "split-interest" trust. To the contrary, no deduction has been sought for any portion of the Trust distributable to the non-charitable beneficiaries, and the purported concerns of the IRS are entirely speculative. Again, there is no temptation here for those portions of the Trust designated *now* for charitable purposes to be invested in such a manner as to maximize income at the expense of principal, because there is no benefit to the non-charitable beneficiaries in doing so.

As previously noted, the charitable beneficiaries have an undivided 50% interest in the trust, as do the individual beneficiaries. Had Galloway initially split his assets down the middle and established two (2) separate but identical trusts, in two (2) separate but identical (except for the beneficiaries) documents (or in a will, or provided for annual distributions), this matter would not be before the Court today.

The IRS gives short-shrift to the argument that the Court should consider legislative intent when analyzing this matter. Instead, it is simply stated that the statutory language is unambiguous and that no further analysis is necessary. Once again, that the IRS says something is one thing or another does not make it so. It is respectfully submitted that the statute and regulation speak for themselves in terms of their complexity, and that nothing as "unambiguous" as the IRS Claims this language to be requires as many examples and hypotheticals as have been presented with reference to this language.

5

Interestingly, there is no dispute or argument offered to the content or interpretation of the legislative intent submitted by Galloway. It remains clear – and in fact is undisputed - that the intent behind 26 U.S.C. §2055(e) was to prevent abuse in "split interest" or "remainder" trusts, where the *corpus* was comprised of a single, undivided, interest in which an individual beneficiary had, for instance, a life-estate interest, with the remainder of the *corpus* conveyed to the charitable beneficiary upon his or her death, the fear being that the private beneficiary, especially if also Trustee, might choose investments designed to maximize income by pursuing riskier investments, decreasing the amount ultimately realized by the charitable beneficiary. In fact, this interpretation is bolstered by the cases cited by the IRS, all of which discuss <u>remainder</u> <u>trusts</u>.

The risks inherent to a remainder trust, however, are not present in the instant matter, because this is not a true "split interest" trust. There are no income beneficiaries, no life estates or reversionary interests and, truly, no remainder interests to be considered. The Charitable beneficiaries take their interest at the same moment as the individual ones. It is clearly <u>not</u> a "remainder" trust, nor is it "split interest" trust, and there is no incentive to jeopardize the interests of the charitable beneficiaries by seeking out high-risk investments (which are generally barred to the Trustee, anyways, by ¶3.01 of the Trust, itself).

To reiterate Galloway's primary argument, it cannot be properly said that either 26 U.S.C. 2055(e) or 26 C.F.R. §20.2055-2(e) applies to the Trust at all. The Trust conveys an entirely undivided interest in the property, not a partial one, to each beneficiary, so it has not passed along an interest in "the same property." Accordingly,

a charitable deduction should be allowed based on the undivided nature of the charitable interests created by the Trust in keeping with the intent of congress and the provisions of 26 U.S.C. §2055(a).

     Section 2055(e)(2) does not prohibit <u>property</u> from being shared between a charity and a non-charity. Instead it prohibits an <u>interest</u> in property from being divided. The former is allowable (i.e. deductibility under §2055(a) being the <u>general</u> rule) as conceded in the §2055(e) regulations. While the split interests <u>in</u> property of the "classic" remainder trust (placing the interests of the life-estate holding, non-charitable interests in direct competition with those of the charitable remainder holder), the instant Trust provides each class of beneficiary with an undivided interest in the *corpus* of the Trust. If such an undivided share in property (such as the Galloway charities have in an undivided one-half of the Galloway assets) would be deductible under a separate instrument, it should be deductible under the single instrument of the Galloway Trust since it is an undivided share as distinguished from the split interest. Section 2055, itself, does not prohibit an undivided share from being held in a single trust; only the interpretive regulation purports to do so. As noted in Galloway's Brief in Support of his Motion for Summary Judgment – and not disputed by the IRS – this interpretive regulation should be given no deference, as it fails to comport with the legislative intent of §2055. The taxes at issue should be returned to them.

**C.   The Regulation Relied upon by the IRS Exceeds the Scope of 26 U.S.C. §2055(e) and Is Contrary to Legislative Intent.**

The IRS, in its brief, does not dispute Galloway's argument regarding the inapplicability 26 C.F.R. §20.2055-2(e) to the Trust in the instant matter. This argument should therefore be deemed conceded by the IRS.

**IV.   <u>CONCLUSION</u>**

WHEREFORE, the Plaintiff respectfully request that the court enter judgment in its favor and against the United States in the amount of $160,394.13, together with interest thereon as a refund of estate tax illegally and erroneously assessed and collected from the Plaintiff, and that the court provide such other and further relief as it deems proper and just.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By   /s/Arthur D. Martinucci
       Arthur D. Martinucci, Esq.
       Pa. I.D. #63699
       2222 West Grandview Boulevard
       Erie, Pennsylvania  16506-4509
       (814) 833-2222
       Attorneys for Plaintiff

Document #284565, v1