PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3007

———

EDMOND C. GALLOWAY, Successor Trustee

Appellant
v.

UNITED STATES OF AMERICA

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-00050E)
District Judge:  Honorable Sean J. McLaughlin

———

Argued May 15, 2007
Before:  FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed: June 21, 2007)

Arthur D. Martinucci (Argued)
The Quinn Law Firm
2222 West Grandview Boulevard
Erie, PA  16506-4508
   *Attorney for Appellant*

John A. Dudeck, Jr. (Argued)
Kenneth L. Greene
U.S. Department of Justice
Tax Division
P.O. Box 502
Washington, DC  20044
   *Attorneys for Appellee*

OPINION OF THE COURT

FISHER, *Circuit Judge*.

This case comes to us on appeal from the decision of the District Court affirming the Internal Revenue Service's ("IRS") decision to disallow a nearly $400,000 charitable deduction claimed by the James D. Galloway Revocable Living Trust ("the Trust"). We are asked to determine whether Internal Revenue Code ("IRC") § 2055(e) prevents an estate from claiming a charitable deduction when distributing the proceeds of a single trust to both charitable and non-charitable beneficiaries. We hold that it does, and, for the reasons set forth below, we will affirm the judgment of the District Court.

2

I.

A.

On March 5, 1991, James D. Galloway ("the Decedent") created the Trust, which was amended on three separate occasions during his lifetime: May 20, 1994; July 3, 1995; and September 7, 1996. As amended in 1996, the residue of the Decedent's estate is held in trust. The beneficiaries include two natural persons – Edmond C. Galloway ("Galloway"), the Decedent's son, and Karen Minns, the Decedent's granddaughter – and two charitable entities – the James D. Galloway Scholarship Fund of the Federated Church of East Springfield, Pa., and the WLD Ranch of the Federated Church of East Springfield, Pa. Each beneficiary is to receive an equal, one-quarter share in the Trust. The Trust documents instruct that each beneficiary shall receive one-half of its one-quarter share on January 1, 2006, and the remainder on January 1, 2016. The Trust contains the further condition that, with respect to the natural person beneficiaries, if either is no longer living at the time of a distribution, his or her share will be distributed to the remaining beneficiaries in equal parts.

The original Trust document contains the powers of the trustee, which were not altered by any of the subsequent amendments to the Trust. The trustee is entitled to sell any and all real estate and mixed or personal property, invest Trust assets in appropriate certificates of deposit and government bonds, and reinvest the proceeds from the sale of any stocks owned by the Decedent at the time of his death in corporate bonds that have an "A" or "B" rating with Standard & Poors. The Decedent was

3

the trustee during his lifetime, with Galloway named as the trustee after his death.

B.

Following the Decedent's death, his attorney requested that the Commonwealth of Pennsylvania Department of Revenue calculate the value of the residuary interest under the Trust. The Department of Revenue determined that the entire value of the residuary interest was $690,475.60, of which $399,079.33 would be distributed to the charitable entities.[1] Therefore, on its federal estate tax return, the Estate claimed a charitable deduction of $399,079.33. Following the deduction, the Estate had a taxable income of $1,059,850.53 and had a calculated estate tax of $168,637.09. The Estate paid the tax in three installments.

The IRS notified Galloway on April 27, 2000, that the Estate's tax return would be audited. In October, 2000, based on IRC § 2055(e), the IRS disallowed the charitable deduction, determining that the Decedent's Trust provided for a split-interest bequest that was not cast in a qualifying form under § 2055(e). Therefore, the Estate's liability was computed to be $306,604.57. Thereafter, Galloway paid the additional tax in two payments. He timely filed a refund claim for $160,394.13 under IRC § 6511(a) on July 22, 2002. The IRS denied the claim on February 5, 2003.

---

[1]These numbers are based on the Appellant's findings of material facts not in dispute and the undisputed facts in the parties' briefs.

Following the IRS's denial of his refund request, Galloway filed a complaint in the United States District Court for the Western District of Pennsylvania. The parties filed cross-motions for summary judgment. The District Court granted the United States' motion for summary judgment and denied Galloway's, finding that the plain language of § 2055(e) required that the charitable deduction be disallowed. This timely appeal followed.

II.

The District Court had jurisdiction over this taxpayer suit under 26 U.S.C. §§ 6532(a)(1), 7422(a), and 28 U.S.C. § 1346(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*. *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 207 (3d Cir. 2005). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Interpretation of the IRC is a question of statutory construction, over which we exercise plenary review. *In re CM Holdings, Inc.*, 301 F.3d 96, 101 n.3 (3d Cir. 2002).

III.

The sole issue in this appeal is whether the IRS rested its disallowance of the Estate's $399,079.33 deduction on a proper interpretation of IRC § 2055(e). As with all cases involving statutory interpretation, we begin with the statute itself. IRC

5

§ 2055(a) allows a deduction from a decedent's estate for the amount of "all bequests, legacies, devises or transfers" to a qualifying charitable organization. 26 U.S.C. § 2055(a).[2] Prior to the Tax Reform Act of 1969, if a document created a split-interest trust – transferring property to both a charitable and non-charitable beneficiary – the value of the charitable beneficial interest could be deducted so long as the amount was readily ascertainable. *See* 26 C.F.R. § 20.2055-2(a); Rev. Rul. 89-31, 1989-1 C.B. 277. When the split-interest trust provided a non-charitable individual with a life interest in an estate with the remainder passing to the charity, the charitable deduction was determined using actuarial life-expectancy tables and an assumed interest rate. *Oetting v. United States*, 712 F.2d 358, 360 (8th Cir. 1983). However, Congress found that "the rules for determining the amount of a charitable deduction in the case of gifts of remainder interests in trusts do not necessarily have any relation to the value of the benefit which the charity receives." *Id.* (quoting S. Rep. No. 552, 91st Cong., 1st Sess., *reprinted in* 1969 U.S. Code & Cong. Admin. News 2027, 2116). This was so because trustees were investing the corpus of a trust in high-risk, high-yield investments, which maximized the amount the life-beneficiary received but substantially reduced the amount of the corpus left for the charity when the remainder converted to it. *Id.*

---

[2]The parties do not dispute that the James D. Galloway Scholarship Fund of the Federated Church and the WLD Ranch of the Federated Church are charitable organizations for purposes of § 2055(a).

6

Therefore, Congress enacted IRC § 2055(e), which disallows a charitable deduction for a split-interest bequest unless, in the case of a remainder, the charity's interest is in the form of a charitable remainder annuity trust,[3] a unitrust,[4] or a pooled income fund,[5] or, in the case of any other trust, the charitable beneficiary receives a guaranteed annuity or yearly fixed percentage. The pertinent portion of IRC § 2055(e) provides:

> (e) Disallowance of deductions in certain cases.–
>
> (1) No deduction shall be allowed under this section for a transfer to or for the use of an organization or trust described in section 508(d) or 4948(c)(4) subject to the conditions specified in such sections.
>
> (2) Where an interest in property (other than an interest described in section 170(f)(3)(B)) passes or has passed from

---

[3] A charitable remainder annuity trust is one which requires the payment of a sum certain at least once every year. 26 C.F.R. § 1.664-2.

[4] A unitrust is one which requires the annual payment of a fixed percentage of the trust. 26 C.F.R. § 1.664-3.

[5] A pooled income fund is a trust which grants an irrevocable interest in property to a charity while the donor retains a life interest in the property. 26 C.F.R. § 1.642(c)-5.

>the decedent to a person, or for a use, described in subsection (a), and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a), no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) unless –
>
>>(A) in the case of a remainder interest, such interest is in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)), or
>
>(B) in the case of any other interest, such interest is in the form of a guaranteed annuity or is a fixed percentage distributed yearly of the fair market value of the property (to be determined yearly).

26 U.S.C. § 2055(e).

The parties do not dispute that the Trust does not fall into one of the excepted categories set forth in subsections (A) and (B). The charities do not receive a fixed percentage distributed yearly pursuant to subsection (B), and, as the charities do not receive a remainder interest, subsection (A) is inapplicable. Therefore, the only way that a deduction can properly be taken is if § 2055(e) does not apply to the Trust. The Government argues that § 2055(e) clearly applies to the bequests at issue here. It argues that a split-interest trust is clearly defined by the language of § 2055(e). The Government asks us to determine that "[t]he trust documents create one trust from one set of property, and the trust holds the property for both the charitable and individual beneficiaries." (Appl's Br. 19.) "Accordingly, since charitable and non-charitable interests 'in the same property' passed 'from the decedent,' the decedent's trust provided for a split-interest within the meaning of Section 2055(e)(2)." (*Id.* at 20.)

However, Galloway contends that the statute is inherently ambiguous in that it fails to clearly define what Congress considered to be a "split-interest" trust and what is meant by the "in the same property" requirement. Therefore, he asks that we turn to the legislative history of the section to determine what Congress intended when it passed § 2055(e) into law.

Our first task, then, is to determine whether there is any ambiguity in § 2055(e) such that we may look outside the statute to determine its meaning. We find that there is not. It is a well-established precept of tax law that, in interpreting statutes, the literal meaning of the statute is most important, and we are always to read the statute in its "ordinary and natural sense."

9

*Estate of Cassidy v. Comm'r*, T.C. Mem. 1985-37 (Jan. 22, 1985) (citing *United States v. Merriam*, 263 U.S. 179, 187-88 (1923); *DeGanny v. Lederer*, 250 U.S. 376, 381-82 (1919)). In particular, courts are admonished to strictly construe deductions and to allow such deductions "only 'as there is a clear provision therefor.'" *INDOPCO, Inc. v. C.I.R.*, 503 U.S. 79, 84 (1992) (quoting *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934); *Deputy v. Du Pont*, 308 U.S. 488, 493 (1940)).

Section 2055(e) presents clear, unambiguous language. It states:

> Where an interest in property (other than an interest described in section 170(f)(3)(B)) passes or has passed from the decedent to a person, or for a use, described in subsection (a) [a charitable beneficiary], and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a) [a non-charitable beneficiary], no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) [the charitable beneficiary] . . . .

26 U.S.C. § 2055(e). Under the plain language of § 2055(e), where an interest in the same property passes to both charitable and non-charitable beneficiaries, no deduction is allowed.

10

The Trust divides a single property between charitable and non-charitable beneficiaries, falling directly within the language of § 2055(e). The Trust documents create a single trust, the James D. Galloway Revocable Living Trust. Article III, which delineates the powers of the trustee, refers to the Trust in the singular, as does each of the three amendments to the Trust. The Trust property remains single and undivided until the two distributions in 2006 and 2016. In short, two charitable and two non-charitable beneficiaries have interests in the same property – the Trust – bringing the Trust within the meaning of § 2055(e). Therefore, the IRS properly disallowed the deduction.

In order to avoid this result, Galloway argues that the legislative history of § 2055(e) makes the statutory language ambiguous and that it precludes a finding that the Trust falls under the provisions of § 2055(e). He argues that the only kind of split-interest trusts Congress intended § 2055(e) to cover are split-interest trusts in which a non-charitable beneficiary has a life interest and the charitable beneficiary has a remainder interest. The legislative history of § 2055(e) does suggest this type of split-interest trust was at the forefront of the congressional consciousness when enacting § 2055(e). *See* S. Rep. No. 552, 91st Cong., 1st Sess., *reprinted in* 1969 U.S. Code & Cong. Admin. News 2027, 2116. However, both the Supreme Court and this Court have made clear that we may not turn to legislative history in order to muddy the waters of an otherwise clear statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006). "[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic

11

material." *Exxon Mobil*, 545 U.S. at 568. Therefore, where, as here, the language of the statute is clear and unambiguous, we will not create an ambiguity through the use of legislative history. The language of § 2055(e) does not refer only to trusts creating a remainder interest. It also refers to "any other interest." 26 U.S.C. § 2055(e)(2)(B). We will not use legislative history that focuses on a particular type of trust to narrow the broad language Congress chose to use when enacting the statute.

In so saying, we recognize the unfortunate result in this case. Section 2055(e) was passed to protect against abuses that resulted most frequently from non-charitable beneficiaries exploiting their life interest in an estate and leaving a charitable beneficiary with a shadow of what was bequeathed to it. In this instance, there is little chance that the same sort of abuse would take place. Each beneficiary of the Trust, charitable and non-charitable, shares equally in the risk of loss and the benefit of good investing as each beneficiary receives an equal share in the property. However, the fact that the abuses Congress sought to protect against are not present here does not give us license to circumvent the clear language presented in the statute. In the future, should testators seek to bequeath their estates to both charitable and non-charitable beneficiaries, they must use the tools provided in §§ 2055(e)(2)(A) and (e)(2)(B).

Our holding comports with the decisions of other courts that have found § 2055(e) to be clear and unambiguous. *See*, *e.g.*, *Estate of Johnson v. United States*, 941 F.2d 1318, 1321 (5th Cir. 1991); *Estate of Edgar v. Comm'r*, 74 T.C. 983, 987 (1980); *Zabel v. United States*, 995 F. Supp. 1036, 1047 (D.

Neb. 1998). Galloway's attempts to distinguish these cases are unavailing. In *Zabel*, in particular, the United States District Court for the District of Nebraska recognized that the operation of the trust presented to it protected against the same abuses prevented by § 2055(e). However, even with that recognition, it found the language of the statute unambiguous and affirmed the IRS's decision to disallow the charitable deduction. *Zabel*, 995 F. Supp. at 1047. The mere fact that the abuses are not present will likewise not take this Trust outside § 2055(e).

Furthermore, the line of cases beginning with the United States Court of Appeals for the Eighth Circuit's decision in *Oetting v. United States* is not to the contrary. In *Oetting*, the court held that § 2055(e) did not disallow a charitable deduction where a charitable beneficiary's remainder interest in property passed directly to the charity through a settlement. 712 F.2d at 363. Because the money had passed directly to the charitable beneficiary, there was no possibility of the non-charitable beneficiaries benefitting themselves at the expense of the charitable beneficiary's interest. *Id.* Rather, the money passed directly to the charity, removing any shared interest by the non-charitable beneficiary. For that reason, the deduction was allowed. *Id.* Based on this language, a number of courts have allowed deductions when a charity receives its interest following a settlement. *See, e.g.*, *First Nat'l Bank of Fayetteville v. United States*, 727 F.2d 741, 746 (8th Cir. 1984); *Strock v. United States*, 665 F. Supp. 1334, 1338-40 (W.D. Pa. 1987); *Northern Trust Co. v. United States*, 41 A.F.T.R.2d 78-1523 (N.D. Ill. 1977).

These cases are easily distinguishable from the situation currently before us. In *Oetting*, and every case to allow the deduction using its reasoning, the charitable beneficiary had already received its interest in the trust. Therefore, the non-charitable beneficiary no longer had any interest in that property. At that point, the charitable and non-charitable beneficiaries no longer had an interest in the same property. In the case before us, at the time the deduction was claimed in 2000, the charitable and non-charitable beneficiaries retained an interest in the same property. Their interests did not diverge until the first distribution in 2006, six years after the claimed deduction. Therefore, at the time of the claimed deduction, the two charitable and two non-charitable beneficiaries had an interest in the same property, and § 2055(e) precluded any deduction for the charitable beneficiaries' interests in that property.[6]

### IV.

The language of § 2055(e) clearly disallows any charitable deduction when an interest in the same property passes to both charitable and non-charitable beneficiaries. Because the language is clear, we do not look to the legislative history. The Decedent created a single Trust that was to be distributed evenly between charitable and non-charitable

---

[6] We also reject Galloway's argument based on Treasury Regulation § 20.2055-2(e)(i). Section 20.2055-2(e)(i) refers only to undivided interests in property that are not held in trust, *see* 26 C.F.R. § 20-2055-2(e)(i), and is therefore inapplicable to the question before us.

beneficiaries.  His bequest falls clearly within the parameters of § 2055(e)'s disallowance and, therefore, the IRS properly disallowed any charitable deduction.  For this reason, and for those set forth above, we will affirm the judgment of the District Court.